1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

THEODORE TSATSA,                        )
                                        )
                    Plaintiff,          )        Case No. 3:06-cv-0686-BES-RAM
                                        )
vs.                                     )
                                        )        <u>**ORDER**</u>
DOCTOR BRUCE BANNISTER,                 )
Acting Medical Director, and            )
N.D.O.C. U.R. Panel,                    )
                                        )
                    Defendants.         )
_____)

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), is proceeding in this action *pro se*. Before the Court is Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1), Motions requesting status checks (##6, 8), and Application to Proceed *In Forma Pauperis* (#9-1).

**A.      Application to Proceed *In Forma Pauperis***

Plaintiff, who is housed at Nevada State Prison ("NSP"), submitted his Civil Rights Complaint on December 14, 2006. (#1.) Plaintiff paid the $350 filing fee in full at that time. Subsequently, Plaintiff wrote several letters to the Court requesting status updates on his case. (*See* ## 3, 4, 5, 6, 7, 8, 9.) With his most recent letter, Plaintiff also submitted an Application pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (#9-1), apparently believing that his failure to previously submit the application was preventing his case from proceeding. However, the Plaintiff has already paid the full filing fee in this matter. Therefore, the Court denies his Application to Proceed *In Forma Pauperis*.

**B.      Screening of the Complaint**

The Court must now screen the Complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity

1  or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the Court must

2  identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

3  upon which relief may be granted or seek monetary relief from a defendant who is immune from such

4  relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.

5  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

6  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws

7  of the United States was violated, and (2) that the alleged violation was committed by a person acting

8  under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9         In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform

10  Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is

11  untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted,

12  or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

13  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in

14  Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when

15  reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint

16  under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

17  its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured

18  by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

19         Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

20  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim

21  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would

22  entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this

23  determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court

24  construes them in the light most favorable to the plaintiff.  *See Warshaw v Xoma Corp.*, 74 F.3d 955, 957

25  (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal

26

1   pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519,

2   520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual

3   allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v.*

4   *Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action

5   is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

6          All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

7   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

8   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

9   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

10  allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

11  *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

12         **1.     Defendant**s

13         Plaintiff has sued Defendant Bruce Bannister, the Acting Medical Director for NDOC, in both his

14  individual and official capacities. In *Kentucky v. Graham*, the Supreme Court clarified the distinction

15  between official and personal capacity suits.  473 U.S. 159, 165 (1984).  The Court explained that while

16  individual-capacity suits seek to impose personal liability upon a government official for actions

17  performed under color of state law, official capacity actions generally represent another way "of suing

18  an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Social Services*,

19  436 U.S. 658, 690 n.55 (1978)).  In order to establish personal liability in a §1983 action, a plaintiff must

20  show that an individual, acting under color of state law, caused a deprivation of a federal right. *Graham*,

21  473 U.S. at 166.  By contrast, in an official-capacity action, a plaintiff must demonstrate that a policy or

22  custom of an entity contributed to the violation of a federal law.  *Id.; Hafer v. Melo*, 502 U.S. 21, 25

23  (1991).  That is to say, "the action that is alleged to be unconstitutional implements or executes a policy

24  statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."

25  *Monell*, 436 U.S. at 690.

26

1      Generally, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured

2  by the Constitution and laws of the United States, and must show that the alleged deprivation was

3  committed by a person acting under color of state law." *West*, 487 U.S. at 48 (citation omitted).  States

4  and state officers sued in their official capacities are not "persons" for purposes of a § 1983 action and

5  may not be sued under the statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  On the

6  other hand,  § 1983 allows suits against state officers in their individual capacities for acts they took in

7  their official capacities.  *Hafer*, 502 U.S. at 26.  However, state officials sued in their official capacity for

8  injunctive relief are persons for purposes of § 1983.  *See Will*, 491 U.S. at 71 n.10.

9      Here, Plaintiff is seeking injunctive relief and is asserting that the cataract surgery policy is the

10  moving force behind the alleged violations.  Therefore, Plaintiff has articulated a cause of action against

11  Defendant Bannister in both his individual and official capacities.

12      Plaintiff also sues "unknown" members of the U.R. Panel who "created the existing cataract-

13  removal policy for surgery" in their individual and official capacities.  Plaintiff must provide information

14  as to the identity of these individuals so that service of process can be effected.  Until such identifying

15  information is provided, this matter cannot proceed against those defendants.  Plaintiff's claims against

16  "unknown" defendants are therefore dismissed, with leave to amend.

17      **2.    Cause of Action**

18      Plaintiff alleges that Defendants violated his constitutional rights under the Eighth and Fourteenth

19  Amendments.  Plaintiff asserts that he has been repeatedly denied cataract surgery in his right eye due to

20  a policy that prohibits surgery if there is vision in the other eye.  He also states that he has been denied

21  tinting in his glasses to reduce glare from the cataracts.  Plaintiff asserts that, although he has 20/30 vision

22  in the left eye, his vision is so poor that he routinely bumps into structures and corners, causing bodily

23  injuries, and bumps into other inmates, resulting in heated exchanges and physical altercations.  Plaintiff

24  further contends that he lives in a constant state of apprehension when walking around other prisoners

25

26

4

because of his blindness.  Plaintiff alleges that the medical policy and his denial of cataract surgery create medical indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Gamble*, 429 U.S. 104), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Deliberate indifference is subjective.  The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).  "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.  However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  The court should consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. *See Lopez v Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing *McGuckin*, 974 F.2d at 1059-60).

In order to show deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show "(a) purposeful failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Here, Plaintiff has articulated a failure to respond to his medical needs and harm that resulted from it.  Further, Plaintiff's alleges that condition affects his daily activities.  Thus, Plaintiff has stated a cognizable claim under the Eighth and Fourteenth Amendments.

**C.      Conclusion**

Plaintiff stated cognizable claims against Defendant Bannister in his individual and official capacities for violations under the Eighth and Fourteenth Amendments.  Plaintiff's claims against "unknown" Defendants of the U.R. Panel will be dismissed, with leave to amend.

Based on the foregoing, and with good cause appearing,

IT IS ORDERED that Plaintiff's Application to Proceed *in Forma Pauperis* is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint.

IT IS FURTHER ORDERED that the Clerk shall send a copy of the Complaint and this Order to the Office of the Attorney General, c/o Pamela Sharp, 100 North Carson St., Carson City, NV 89701-4717.  The Attorney General shall advise the Court within twenty (20) days from the date that this Order is entered service of process for the named defendants is accepted.  Counsel shall file an answer or otherwise respond to the complaint within forty-five (45) days from the date that this Order is entered. If service cannot be accepted for any of the named defendants, then Plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be completed within one hundred twenty (120) days from the date that this Order is entered.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days from the date this Order is entered in which to submit an amended civil rights complaint.  The Clerk shall send Plaintiff two copies

of the form Civil Rights Complaint Pursuant to 42 U.S.C. § 1983.  Plaintiff shall write the words "First

Amended" above the caption of his amended complaint.  The amended complaint must be a complete

document in and of itself, and will supersede the original complaint in its entirety.  Plaintiff's failure to

submit an amended complaint in the time and manner provided by this Order will result in the dismissal

of all or part of his civil rights complaint for the reasons stated in this Order.

　　　　IT IS FURTHER ORDERED that Plaintiff's motions for status checks (## 6, 8) are denied as

moot.

　　　　DATED: March 17, 2008.


_____

UNITED STATES MAGISTRATE JUDGE

7